IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CHARLES WAYNE BOGGS**                                                                  **PLAINTIFF**

**V.**                                                        **CIVIL ACTION NO. 1:20-CV-212-DAS**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF SOCIAL SECURITY**                    **DEFENDANT**

## MEMORANDUM OPINION

This court has before it the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding his application for Social Security Disability. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds the decision of the Commissioner of Social Security is supported by substantial evidence and should be affirmed.

## FACTS

The plaintiff, Charles Wayne Boggs, filed for benefits on May 9, 2019, alleging onset of disability commencing on December 31, 2017, but amended the date of onset at his hearing to March 23, 2018. The plaintiff's last date insured is September 30, 2018, meaning that his disability must be proven as of that date, or he cannot collect disability benefits. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing,

the ALJ issued an unfavorable decision on July 2, 2019. (Dkt. 9 p.15-25). The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined Boggs had the following severe impairments: posttraumatic stress disorder, bipolar disorder, and alcohol abuse. He did not find the claimant's chronic obstructive pulmonary disease(COPD) was a severe impairment and did not assign any limitations secondary to it. The ALJ found he retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels. Boggs is limited to performing routine, repetitive tasks with simple decisions and judgment. He is limited to occasional interaction with coworkers and supervisors. The plaintiff can adapt to occasional change but cannot perform production rate work. The ALJ found based on the testimony of the vocational expert that Boggs could do his past relevant work as a landscape worker, a job performed at the heavy level of exertion. Alternatively, the ALJ adopted the VE's testimony finding there were three other jobs he can perform --cook helper, industrial cleaner, and hospital housekeeper. These are all unskilled jobs performed at the medium level, representing nearly 400,000 jobs in the national economy.

## ANALYSIS

Boggs argues that the ALJ erred in failing to find he had a severe respiratory ailment and exertional limitations because of these respiratory problems. Boggs has smoked one to two packs of cigarettes for decades. He urges the court to find the ALJ should have found he was suffering from and limited by COPD before his date last insured.

In March 2018, Boggs received inpatient treatment for alcohol abuse and related mental issues. He was also complaining of shortness of breath on exertion, dyspnea on exertion, coughing, and wheezing. While he had a cough and significant wheezing, he had normal respiratory effort and his blood oxygen saturation was 99% on room air. The examining

physician at that time noted his presentation was consistent with COPD, but that pulmonary function tests would need to be done for any diagnosis.

Between March 17, 2019, and April 30, 2020, Boggs was treated for multiple ailments, including COPD, but this was after the DLI. When seen by a pulmonary specialist in December of 2019, the plaintiff was diagnosed with COPD and his condition had clearly worsened since March 2018 as his blood oxygen saturation was down to 84%.

Accordingly, the court finds that the medical records provide substantial evidence to support the ALJ's decision that Boggs did not suffer any functional impairments from any respiratory condition before the date last insured. The later medical records demonstrate a worsening of his condition and developing limitations *after* the relevant time. Therefore, the court finds the decision of the Commissioner of Social Security is supported by substantial evidence and it is affirmed.

**THIS** the 8th day of September, 2021.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**